IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 18, 2016

**STATE OF TENNESSEE v. BOBBY WADDLE**

**Appeal from the Criminal Court for Washington County
No. 37548     Stacy Street, Judge**

---

**No. E2015-02310-CCA-R3-CD – Filed June 14, 2016**

---

The defendant, Bobby Waddle, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2012 Washington County Criminal Court guilty-pleaded convictions of aggravated burglary, theft of property valued at $10,000 or more but less than $60,000, and theft of property valued at $1,000 or more but less than $10,000.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Bobby Waddle, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and Tony Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pleaded guilty to the conviction offenses on September 11, 2012, in exchange for a total effective sentence of eight years' incarceration.  On April 6, 2015, the defendant moved the trial court under Rule 36.1 to correct the six-year sentence imposed for his conviction of theft of property valued at $10,000 or more but less than $60,000, arguing that because proof adduced at the restitution hearing established that the value of the property taken from the victims totaled less than $10,000, he "was over charged from the beginning and over sentenced on a higher class of felony."  He also argued that the variance between the charged offense and the proof at the restitution hearing rendered his guilty pleas for all the offenses unknowing and involuntary.

The trial court summarily dismissed the motion via minute entry on October 12, 2015.

In this appeal, the defendant reiterates his claim of entitlement to Rule 36.1 relief on grounds that evidence presented at the restitution hearing established that the value of the property stolen from the victims did not exceed $10,000 and that this information rendered his pleas unknowing and involuntary. The State asserts that summary dismissal was appropriate in this case because the defendant failed to state a cognizable claim for relief in a Rule 36.1 proceeding. We agree with the State.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The defendant pleaded guilty to theft of property valued at $10,000 or more but less than $60,000, a Class C felony. The six-year sentence imposed for that conviction was authorized at the time of the offense and does not contravene any applicable statute. *See* T.C.A. § 40-35-112(a)(3). The defendant's claim regarding the evidence adduced at the restitution hearing is more akin to a claim of insufficient evidence, which would not affect the legality of his sentence and would not, therefore, be cognizable in a Rule 36.1 proceeding. Similarly, a claim of unknowing and involuntary guilty plea is not a cognizable claim for relief under Rule 36.1.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE